UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-22076-CIV-UNGARO/O'SULLIVAN

GARRITY ENTERPRISES, INC.,
    Plaintiff,

v.

MIDAS INVESTMENTS, LLC,
    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff, Garrity Enterprises, LLC's Motion to Implead Kirsha Carolina Perez Oropenza as a Defendant (DE# 104, 10/22/19) (hereinafter "Motion"). The plaintiff commenced the instant proceedings supplementary seeking to collect on a final judgment entered in favor of the plaintiff and against Midas Investments, LLC (hereinafter "Midas"). See Corrected Final Judgment (DE# 40, 8/17/18);[1] Plaintiff's Motion for Proceedings Supplementary and for Issuance of Notices to Appear (DE # 88, 4/17/19). The plaintiff asserts that a deposit used as a down payment for the purchase of two condominiums came from Midas and impleaded-party Worlds' Best Brands LLC (hereinafter "Worlds' Best Brands LLC"). Motion at 1. The plaintiff further asserts that one of the condominiums "was actually purchased by Krisha Carolina Perez Oropenza" and that Ms. Perez Oropenza "continues to work for Midas and World's Best Brands." Id. at 2.

The plaintiff seeks to implead Ms. Perez Oropenza in these proceedings supplementary "so that she [may be] required to testify before the Court regarding the money she paid towards the condominium using Midas and World's Best Brands

---

[1] The Court entered a final judgment in the amount of $490,349.57. Presently, $424,168.21 remains outstanding.

money." Motion at 2.

"In federal court, the procedure on execution of a judgment 'must accord with the procedure of the state where the court is located[.]'" Branch Banking & Tr. Co. v. Carrerou, 730 F. App'x 869, 870 (11th Cir. 2018) (quoting Fed. R. Civ. P. 69(a)(1)). Section 56.29 of the Florida Statutes governs proceedings supplementary. As one Florida court noted:

> The predicate for impleading a third party under section 56.29 is that the judgment creditor file an affidavit showing that the sheriff holds an unsatisfied writ of execution on a money judgment and that the unsatisfied execution is valid and outstanding. . . . **No other showing is necessary in order to implead the third party**.

Regent Bank v. Woodcox, 636 So. 2d 885, 886 (Fla. 4th DCA 1994) (emphasis added); see also Office Building, LLC v. CastleRock Sec., Inc., 2011 WL 1674963, *2 (S.D. Fla. May 3, 2011) (noting that "there is no requirement that a judgment creditor must make a prima facie showing that a putative third-party defendant holds the assets subject to judgment prior to impleading that defendant."). Here, the Court has previously found that the plaintiff met the requirements for commencing proceedings supplementary under section 56.29. See Order (DE# 93, 8/27/19). Accordingly, it is

ORDERED AND ADJUDGED that the Plaintiff, Garrity Enterprises, LLC's Motion to Implead Kirsha Carolina Perez Oropenza as a Defendant (DE# 104, 10/22/19) is **GRANTED**. Kirsha Carolina Perez Oropenza is impleaded in this action.

DONE AND ORDERED in Chambers at Miami, Florida this **12th** day of November, 2019.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE