UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-22076-CIV-UNGARO/O'SULLIVAN

GARRITY ENTERPRISES, INC.,

    Plaintiff,

v.

MIDAS INVESTMENTS, LLC,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion for Leave to [File] Supplemental Complaint in Aid of Execution (DE# 109, 1/20/20) (hereinafter "Motion"). This matter was referred to the undersigned pursuant to 28 U.S.C. § 636. See Order (DE# 110, 1/23/20).

The plaintiff seeks leave to file a supplemental complaint to assert two alter ego causes of action against Carolina Oropez de Perez and World's Best Brands, LLC pursuant to section 56.29(9) of the Florida Statutes.

Section 56.29(9) provides that:

**The court may entertain claims concerning the judgment debtor's assets brought under chapter 726 and enter any order or judgment, including a money judgment against any initial or subsequent transferee, in connection therewith, irrespective of whether the transferee has retained the property. Claims under chapter 726 brought under this section shall be initiated by a supplemental complaint** and served as provided by the rules of civil procedure, and the claims under the supplemental complaint are subject to chapter 726 and the rules of civil procedure. The clerk of the court shall docket a supplemental proceeding under the same case number assigned to the original complaint filed by the judgment creditor or the case number assigned to a judgment domesticated pursuant to s. 55.01,1 shall assign a

>     separate supplemental proceeding number, and shall assign such
>     supplemental proceeding to the same division and judge assigned to the
>     main case or domesticated judgment.

Fla. Stat. § 56.29(9) (emphasis added). As one court explained, "[a] judgment creditor may file suit against the alleged transferee in a separate action based in chapter 726. The procedure permitted under section 56.29(9) provides the administrative convenience of having the same judge, who is familiar with the underlying facts, also consider and rule on the fraudulent transfer action." In re British Am. Ins. Co. Ltd., 607 B.R. 753, 759 (Bankr. S.D. Fla. 2019).

In its proposed supplemental complaint, the plaintiff seeks a "judgment against Carolina Oropeza de Perez determining that Carolina Oropeza de Perez is the alter ego of Midas Investments, LLC and World's Best Brands LLC" and a judgment against "World's Best Brands LLC determining that World's Best Brands, LLC is [the] alter ego of Midas Investments, LLC." A supplemental complaint is the proper vehicle for asserting alter ego claims. See Peter Coppola Beauty, LLC v. Casaro Labs, Ltd., No. 14-81488-CIV, 2018 WL 4203686, at *3 (S.D. Fla. Aug. 31, 2018) (stating that if "[judgment creditor] wishe[d] to hold [corporate entities] liable for the entire amount of the Judgment by way of a fraudulent transfer, alter ego, mere continuation, or successor lability legal theory, [judgment creditor was] required to file a supplemental complaint pursuant to section 56.29(9), Florida Statutes.").

The undersigned concludes that the plaintiff should be granted leave to file a supplemental complaint. Nonetheless, the undersigned notes that the proposed supplemental complaint lists Kirsha Carolina Perez Oropeza (hereinafter "Kirsha") as a defendant. However, the only reference to Kirsha is in paragraph 16 (alleging that "CAROLINA and her daughter KRISHA [sic], told GARRITY that SWATCH GROUP was

2

holding up the funds or purchase because MIDAS refused to disclose its customer list to OMEGA and/or SWISS."). Because there are no causes of action alleged against Kirsha, she should not be included as a defendant in the supplemental complaint.

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Leave to [File] Supplemental Complaint in Aid of Execution (DE# 109, 1/20/20) is **GRANTED in part and DENIED in part**. The plaintiff shall have until **Thursday, January 30, 2020** to file a supplemental complaint in accordance with this Order.

DONE AND ORDERED in Chambers at Miami, Florida this **23rd** day of January, 2020.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE